UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

Marriott International, Inc.,
          *Petitioner*,

    v.

Hardik Patel,
          *Respondent*.

**PETITION TO CONFIRM ARBITRATION AWARD**

Petitioner, Marriott International, Inc. ("Marriott") by and through its attorneys and pursuant to the Federal Arbitration Act, hereby moves the court for a judgment confirming the arbitration award dated January 15, 2025 rendered in an arbitration before the American Arbitration Association, and states as follows:

**Preliminary Statement**

1. Marriott brought claims against a former franchisee of a Marriott-branded hotel and the two guarantors for the franchisee, seeking amounts overdue under the parties' agreements. Respondent Hardik Patel is one of those guarantors.

2. In their depositions neither the corporate representative of the franchisee entity nor the guarantors disputed the amounts owed Marriott. Shortly thereafter, the arbitrator granted Marriott's motion for summary judgment and entered an award to Marriott of just under $2 million.

3. Marriott seeks an order from this Court under the Federal Arbitration Act, 9 U.S.C. § 9, confirming the arbitration award dated rendered in an arbitration before the American Arbitration Association, and entry of judgment thereon pursuant to 9 U.S.C. § 13.

**Parties**

4. Marriott is a corporation that is incorporated in Delaware and has its principal place of business in Bethesda, Maryland. Marriott is in the business of managing and franchising hotels.

5. Respondent Hardik Patel is an individual who resides in Roselle, Illinois. Mr. Patel is the managing member of the franchisee entity, and a guarantor of all debts the franchisee owes to Marriott.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 as complete diversity exists between the parties and the amount in controversy exceeds $75,000. Marriott is a citizen of Delaware and Maryland, whereas Mr. Patel, who resides in Illinois, is a citizen of Illinois.

7. This Court has personal jurisdiction over Mr. Patel because in the guaranty agreement he signed, Mr. Patel agreed to "expressly and irrevocably submit[] to the non-exclusive jurisdiction of the courts of the State of Maryland . . ." *See* Ex. 3 § 10(C).

8. Venue is proper under 9 U.S.C. § 9 because the arbitration award was awarded in this judicial district. Venue is also proper under 28 U.S.C. § 1391(b)(2) for the same reason, and because Mr. Patel, in the underlying action, failed to make payments to Marriott's headquarters, located in this judicial district. Venue is also proper under § 1391(b)(3) because Mr. Patel is subject to this Court's jurisdiction with respect to this action.

**Facts**

9. In the franchise agreement between the parties, Marriott agreed to license its "Four Points by Sheraton" brand and system to the owner of a hotel at 4181 West 150th Street, in Cleveland, Ohio ("Hotel"), Lucky Cleveland Holdings, LLC ("Lucky Cleveland"). *See* Ex. 1. Early on, Lucky Cleveland began missing payments due Marriott under the franchise agreement. And it never got better. Eventually, Lucky Cleveland agreed to transfer the Hotel to its lender in lieu of foreclosure, and Marriott and Lucky Cleveland executed a termination agreement, whereby Lucky Cleveland promised to pay certain amounts to Marriott. *See* Ex. 2.

10. Respondent Hardik Patel was the managing member of the franchisee entity, Lucky Cleveland. Mr. Patel is also a guarantor of Lucky Cleveland's debts to Marriott under both the franchise agreement and the guaranty agreement. *See* Ex. 3.

11. Each of the operative agreements mandate arbitration with the American Arbitration Association in Baltimore, Maryland to resolve disputes. *See* Ex. 1, § 24.1(B), Ex. 2 § 10(i), Ex. 3, § 10(B).

12. Marriott filed such an arbitration in September of 2024. During depositions Lucky Cleveland's corporate representative and the two guarantors admitted under oath that they owed the amounts Marriott claimed were overdue in the arbitration. Shortly thereafter, the arbitrator granted Marriott's motion for summary judgment, and, on January 15, 2015, the arbitrator entered his final award (the "Award"). *See* Ex. 4.

13. The Award has not been vacated under 9.U.S.C. § 10 or modified or corrected under 9 U.S.C. § 11. Pursuant to 9 U.S.C. § 9, Petitioner has brought this action within one year after the Award was made, specifically January 15, 2015.

## COUNT ONE
### Confirm Arbitration Award under the Federal Arbitration Act

14. Petitioner repeats and realleges the above paragraphs as if fully set forth within.

15. The parties agreed to arbitration in Baltimore, Maryland. The arbitrator's award was made in Maryland. The arbitration agreement states that the "decision of the arbitral tribunal will be final and binding and enforceable in any courts having jurisdiction." *See* Ex. 3, § 10(B)(2).

16. By reason of the foregoing, the court should issue an order confirming the arbitration award annexed hereto as Exhibit 4 by the American Arbitration Association dated January 15, 2025 and direct that judgment be entered thereon.

**WHEREFORE**, Marriott respectfully requests that this Court:

1. Issue an order pursuant to 9 U.S.C. § 9 confirming the arbitration award annexed hereto as Exhibit 4 by the American Arbitration Association dated January 15, 2025.

2. Enter judgment thereon pursuant to 9 U.S.C. § 13.

3. Award the Petitioner such other and further relief as this Court deems just and proper.

Zobrist Law Group

/s/ Jonathan S. Jacobs
Jonathan S. Jacobs, D. Md. No. 18039
1455 Pennsylvania Ave., NW.
Suite 400
Washington, DC 20004
202-349-1452
jonathan@zoblaw.com

Dated: March 13, 2025